UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States of America    :    Docket Number: 3:07-cr-00031-AHN

v.

Philip D. Russell           :    December 12, 2007


**DEFENDANT RUSSELL'S APPLICATION FOR
DOWNWARD DEPARTURE CONSIDERATION
AND/OR A NON-GUIDELINES SENTENCE**

> There is nothing more tragic in life than the utter
> impossibility of changing what you have done.
> George Bernhard Shaw

The facts of this case are familiar to the court. Indeed, the PSR contains such a thorough discussion of this case that no further elaboration is necessary .

**Aberrant Behavior Departure**

In pertinent part, the aberrant behavior policy statement, Section 5K2.20, provides that a downward departure may be warranted if the defendant engaged in a single criminal act that was committed without significant planning, was of limited duration and represents a marked deviation by the defendant from an otherwise law-abiding life. Undoubtedly, the Sentencing Commission had Phil Russell's case in mind when it promulgated this policy statement. That Russell's conduct here represents a marked deviation from an otherwise law-abiding life is

1

indisputable. He has no prior criminal record and his criminal history category is 1. He has spent 23 years of his life in the legal profession, first as an Assistant District Attorney in the Bronx and then as an attorney in private practice. One need look no further than to the government's version of the offense, detailing Russell's historic conduct in matters involving child pornography, for evidence that his behavior in this case was aberrant.

Moreover, it is apparent that Russell's decision to destroy this computer was impulsive, lacking in any forethought or deliberation. Less than one hour elapsed from the time that he took possession of this computer to the time that he took it apart.

## Suggested Sentence

In accordance with the PSR's observation that a sentence outside the applicable range appears warranted and consistent with the aberrant behavior policy statement, defendant urges this court to consider a Zone B sentence in this case. While the Guidelines provide for aberrant behavior departures, the extent of departure is wisely left to the discretion of the sentencing judge. In light of the unusual circumstances of this case, a Zone B probationary sentence would satisfy both the goals of punishment, deterrence and public protection, as well as the Second Circuit's call for "individualized justice." United States v. Crosby, 397 F.3d 103, 114 (2nd Cir. 2005).

Phil Russell's fall from grace has been particularly hard. One impulsive act resulted not only in the loss of his professional license but also his status in the community and his self-respect.

For all of these reasons, a downward departure is warranted in this case.

                    Respectfully submitted,

By: /s/_____
     Robert M. Casale, Esq.
     250 West Main Street
     Branford, Connecticut 06405
     Fed. Bar #: CT 00156
     Telephone: 203-488-6363
     Facsimile: 203-483-9850
     Email: AttorneyCasale@aol.com
     For Defendant Philip D. Russell

By: /s/_____
     Thomas Williams, Esq.
     399 East Putnam Ave.
     Cos Cob, CT 06807
     Fed. Bar #: CT 18756
     Telephone: 203-661-7404
     Facsimile: 203-661-7404
     Email: TJWMSLAW@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2007, the foregoing Application for Downward Departure was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system. Parties may access this filing through the Courts CM/ECF System.

By: /s/_____
     Robert M. Casale, Esq.